**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000805
28-DEC-2015
09:19 AM**

NO. CAAP-12-0000805

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEBORAH M. CRAVATTA, Petitioner-Appellee, v.
CARLTON LANE, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CIVIL NO. 3SS12-1-028H)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

This case involves a Petition for Ex-Parte Temporary
Restraining Order and for Injunction Against Harassment
("Petition") filed by Petitioner-Appellee Deborah M. Cravatta
against Respondent-Appellant Carlton Lane.  In her declaration,
Cravatta stated that she was a professional wedding coordinator
and that she conducted business on Hapuna Beach on the Island of
Hawai'i, in accordance with permits issued by the State of Hawai'i
Department of Land and Natural Resources ("DLNR").  Cravatta
declared that Lane "harasses, threaten[s] to push [her] down,
swears, [and] disrupts <u>every</u> ceremony because he does not want
'business' conducted on a public beach."

After an evidentiary hearing, the District Court of the
Third Circuit, South Kohala Division ("District Court"),[1]
concluded that Lane had harassed Cravatta under Hawaii Revised
Statutes ("HRS") § 604-10.5[2] and granted the Petition.  The

---

[1]     The Honorable Melvin H. Fujino presided.

[2]     HRS § 604-10.5 provides, in relevant part:

"Harassment" means:

    (1)    Physical harm, bodily injury, assault, or the threat

Court's subsequent Order Granting [Cravatta's] Petition for Injunction Against Harassment, entered on June 14, 2012 ("Order"), enjoined Lane from contacting, threatening, or physically harassing Cravatta and required him "to remain 500 yards circumference from Petitioner."

Lane appeals from the Findings of Fact and Conclusions of Law; Order Granting Petition for Injunction Against Harassment, filed on August 23, 2012 in the District Court.

Lane's points of error do not correlate closely with the arguments that he later advances, and therefore several of the purported points of error are unsupported by any argument.[3/] Thus, we address the arguments made and disregard the points that Lane identified but did not argue. *See* Haw. R. App. P. 28(b)(7) ("Points not argued may be deemed waived."); *cf. Omerod v. Heirs of Kaheananui*, 116 Hawai'i 239, 274, 172 P.3d 983, 1018 (2007) ("Arguments not presented in accordance with HRAP Rule 28(b) may be disregarded and thus will be disregarded on this issue.") (citing Haw. R. App. P. 28(b)(4)).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Lane's points of error as follows, and affirm:

(1)   Lane argues that the District Court erred in denying his oral motion to dismiss at the close of Cravatta's

---

of imminent physical harm, bodily injury, or assault; or

(2)   An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

Haw. Rev. Stat. § 604-10.5(a) (Supp. 2011).

3/      Lane's opening brief does not strictly comply with Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b) in numerous respects. Nevertheless, we address his arguments on the merits to the extent that we can. *See Marvin v. Pflueger*, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (declining to dismiss appeal for failure to comply with HRAP Rule 28 because this court "has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" (quoting *Morgan v. Planning Dep't, Cnty. of Kauai*, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004)).

case. Lane waived that argument, however, when he offered evidence following the District Court's denial of his motion to dismiss. *See, e.g., Miller v. Kahuena*, 1 Haw. App. 568, 570, 623 P.2d 89, 90 (1981) (holding that "[i]f the defendant [offers] evidence after his motion to dismiss at the close of the plaintiff's evidence is not granted, he waives his initial motion and the right to appeal any error committed in the disposition of the motion." (citing 9 Wright & Miller, *Federal Practice and Procedure* § 2371 at 2 (3d ed. 2008)). Thus, Lane's argument fails.

(2) Lane argues that the District Court erred in granting the Petition (a) on the basis of the evidence presented, and (b) because Lane's conduct did not fall within the statutory definition of harassment.

(a) As to the first argument, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." *Doe Parents No. 1 v. State, Dep't of Educ.*, 100 Hawai'i 34, 58, 58 P.3d 545, 569 (2002) (quoting *In re Jane Doe*, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001)). In other words, "[i]t is not the function of appellate courts to second-guess the trier of fact where there is substantial evidence in the record to support its conclusion." *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawai'i 286, 296-97, 141 P.3d 459, 469-70 (2006).

We hold that there was substantial evidence here to support the District Court's challenged findings and Order. That is, Cravatta testified that she "talked to Mr. Lane, [and] appealed to his emotional side" about his behavior in running up and down the beach "in a red Speedo" when she was conducting weddings; that she asked Lane not to come near the wedding area while a ceremony was underway; that Lane's "exact words to [her] were . . . Get out of my way, you God damn woman, or I will push you down"; that Lane approached her on one occasion while the just-married couple was signing wedding documents on the beach, and that Lane ran figure eights around the wedding party; and that wedding parties and other tourists had complained to her

3

about Lane's behavior. Videographer Joseph Pace and photographer Oren Mark Wilson also testified as to incidents involving Lane, which comported with Cravatta's testimony. The District Court assessed the credibility of the witnesses at the hearing, and found Cravatta more credible than Lane, as reflected in Finding of Fact 13. Thus, we will not disturb the District Court's findings, which support its various conclusions, and the Court's Order was not erroneous.

(b) As to the second argument, Lane contends that he did not commit "harassment" under HRS § 604-10.5 because his actions did not reflect a "pattern of conduct," those actions served a legitimate purpose, and because a reasonable person under the objective standard would not find that harassment occurred. This argument is unpersuasive.

To succeed in proving harassment under the statute, Cravatta had to demonstrate "[a]n intentional or knowing course of conduct" on Lane's part, that: was "directed at" Cravatta; "seriously alarm[ed] or disturb[ed] consistently or continually bother[ed]" Cravatta; served "no legitimate purpose"; and that "would cause a reasonable person to suffer emotional distress." Haw. Rev. Stat. § 604-10.5(a)(2).

Here, we conclude that the repetitive nature of Lane's conduct and the requests made/warnings issued by Cravatta, as testified to by Cravatta, Pace, and Wilson, establish that Lane's conduct was "[a]n intentional or knowing course of conduct" under the statute. Haw. Rev. Stat. § 604-10.5(a) (defining "course of conduct" as "a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose"); see *Luat v. Cacho*, 92 Hawai'i 330, 342, 991 P.2d 840, 852 (App. 1999) ("The type of harassment that the courts are mandated to restrain or enjoin under [HRS § 604-10.5(a)(2)] . . . . . involves systematic and continuous intimidation that stops short of assault or threats and cannot be controlled effectively by resort to criminal processes and penalties."). *Cf. Duarte v. Young*, 134 Hawai'i 459, 464, 342 P.3d 878, 883 (App. 2014) (holding that the neighbor's single act of yelling an insult at the petitioner did not constitute a "course of conduct" under HRS § 604-10.5(a)(2)).

And while Lane's practice of almost-daily exercise on the beach represents a "legitimate purpose" for his presence there, Cravatta's Petition did not seek to stifle Lane's exercise regimen, but only the objectionable actions that Lane undertakes in the course of his alleged workouts. That is, Lane's alleged inability or unwillingness to confine his runs to an area outside the area in question during Cravatta's weddings, as well as his practice of approaching, coming into physical contact with, cursing at, and threatening to "push [Cravatta] down" is the conduct to which Cravatta objects.

Finally, "[t]he reasonable person standard [to which Lane and the statute refer] is an objective one[,] and a trial court's determination regarding whether a reasonable person would suffer emotional distress as a result of a course of conduct is reviewed on appeal de novo." Luat, 92 Hawai'i at 343, 991 P.2d at 853 (citing State v. Trainor, 83 Hawai'i 250, 255, 925 P.2d 818, 823 (1996)). See also Maukele v. Casumpang, No. CAAP-12-0000120, 2014 WL 5470621, at *1 (Hawai'i App. Oct. 24, 2014).

In this case, we conclude that Cravatta, Pace, and Wilson's testimony sufficiently provided the District Court with clear and convincing evidence, which it determined to be credible, that Lane's conduct would cause a reasonable person emotional distress. For example, as noted above, Cravatta testified that Lane had touched her, cursed at her, and threatened to push her down. Pace additionally testified that, on one occasion when Cravatta had contact with Lane, Cravatta "came back all shocked and shaken." Furthermore, wedding-party members had commented about Lane, and had even stopped ceremonies in order to request that Cravatta ask Lane to leave. Therefore, Cravatta presented "substantial evidence" of Lane's harassment under HRS § 604-10.5, and the District Court did not err in granting Cravatta's petition.

(3) Lane also contends that the District Court abused its discretion in denying his motion for reconsideration or a new trial. We disagree.

Lane argues that he filed the motion both because Cravatta has "bizarre and erroneous beliefs that her [DLNR

5

permit] affords her extraordinary privileges and powers, including 'police protection,'" and in order to seek "clarification of the [District Court's] order as it required him to keep '500 yards circumference'" from Cravatta. Lane alleges that Cravatta harasses beachgoers with her DLNR permit and believes that she can "exclude people from a [sic] using or accessing a public beach" beyond the permit area. In support of these arguments, Lane notes that Cravatta failed to produce a permit at the hearing, and argues that any rights under a DLNR permit are limited and do not include the ability to rent the land nor the authority to arrest trespassers. However, "[t]he purpose of a motion for reconsideration is not to simply relitigate old matters, but to allow the parties to present new evidence or make fresh arguments that could not have been presented or made in the earlier proceeding." *Pancakes of Haw., Inc. v. Pomare Properties Corp.*, 85 Hawai'i 286, 296-97, 944 P.2d 83, 93-94 (App. 1997) (citing *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 27 (1992)). As such, Lane's arguments fail.

In his motion for reconsideration or a new trial, Lane argues matters that he also presented at the Petition hearing regarding public beach access and the Court's decision to require that Lane maintain a 500-yard circumference from Cravatta. In discussing Lane's beach access, the court stated that "the only time [Cravatta] can go on the beach regarding employment is when she has the permit to do the weddings. All other times, [Lane] can use the beach." And with regard to Lane's arguments about the 500-yard circumference, the court stated, "quite frankly, I was gonna make it 1,000 yards circumference because the Court previously ordered that he not have contact with her since the temporary restraining order. I just want to make it clear to just stay away from when they're having these weddings. That's all." Thus, in filing the motion for reconsideration or new trial, Lane attempted to relitigate old matters that the court had already addressed at the hearing on the Petition. Accordingly, the District Court did not abuse its discretion in denying the motion. *See Leslie v. Estate of Tavares*, 91 Hawai'i

394, 396 n.1, 984 P.2d 1220, 1222 n.1 (1999) (holding that the circuit court did not abuse its discretion in denying a de facto motion for reconsideration that did not raise any new arguments or newly discovered evidence).

Therefore, the August 23, 2012 Findings of Fact and Conclusions of Law; Order Granting Petition for Injunction Against Harassment, filed in the District Court of the Third Circuit, South Kohala Division, is affirmed.

DATED:  Honolulu, Hawai'i, December 28, 2015.

On the briefs:

William B. Heflin and
Brian J. DeLima
(Crudele & De Lima)
for Respondent-Appellant.

Judy Hiller Givens,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge

7